UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER ACEVAL,

     Petitioner,

v.

JEFF TANNER, *Warden*,

     Respondent.

Case No. 26-11572
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS [1], DENYING MOTION TO STAY AND HOLD PETITION IN ABEYANCE [3], AND DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2]**

---

On July 3, 2023, a state court jury convicted Alexander Aceval of conspiracy to deliver or manufacture controlled substances in violation of Michigan Compiled Laws § 333.7401(2)(A)(i). (ECF No. 1, PageID.1–2.) The state trial court sentenced him to 40–60 years in prison. (*Id.* at PageID.1.)

On May 12, 2026, Aceval filed a petition for a writ of habeas corpus in this Court. (ECF No. 1.) The petition challenges his conviction on numerous grounds by alleging (1) violations of his confrontation clause rights, (2) insufficient evidence to convict, (3) illegal search and seizure, and (4) various other constitutional claims, including due process violations, equal protection violations, ineffective assistance of counsel, prosecutorial misconduct, and conviction for a non-existent offense. (*See generally* ECF No. 1.)

But Aceval did not exhaust all of those claims in state court. Instead, he is currently attempting to exhaust them in a post-conviction motion for relief from judgment, which remains pending in the state trial court. (*See* ECF No. 1, PageID.5, 10–12.)

Thus, for the reasons that follow, the habeas petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE, the motion to stay and hold petition in abeyance (ECF No. 3) is DENIED, and the application to proceed without prepaying fees or costs (ECF No. 2) is DENIED AS MOOT.

## I.

A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275–78 (1971).

That means a prisoner confined under a Michigan state court conviction must have raised each habeas issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court before seeking federal habeas corpus relief. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). And the claims must have been "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). A habeas petitioner has the burden to prove that he has exhausted his state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

While this exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134–35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and would not offend federal-state comity, *see Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state court remedies). A federal court may *sua sponte* raise a petitioner's failure to exhaust state court remedies. *See Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Aceval does not appear to argue that exhaustion would be futile or meritless. Indeed, he is currently pursuing the unexhausted claims before the state trial court. (*See* ECF No. 1, PageID.3, 5, 10.) The Court thus finds no reason to sidestep the exhaustion requirement for habeas relief.

## II.

A federal district court generally must dismiss a "mixed" habeas petition—i.e., one that contains both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004). Such a dismissal "leav[es] the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Courts do have discretion to stay a "mixed" habeas petition to allow a petitioner to present his unexhausted claim(s) to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). But this process is available only in "limited circumstances." *Id.* at 277. Those include when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.*

In *Rhines*, the Supreme Court adopted the stay-and-abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id.* at 275 (noting that if the court dismissed the habeas petition "close to the end of the [one]-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the Antiterrorism and Effective Death Penalty Act's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, at *2–3 (E.D. Mich. Oct. 16, 2007).

That is not the case here. The Michigan Supreme Court denied Aceval's application for leave to appeal on August 29, 2025 (ECF No. 1, PageID.2), and Aceval did not seek a writ of certiorari with the United States Supreme Court (*id.* at

PageID.3). So his judgment became final, for the purpose of commencing the running of the one-year limitations period, on November 27, 2025. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (explaining that where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the United States Supreme Court, the one-year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) starts running on the date that the 90-day time period to seek certiorari with the United States Supreme Court expired).

Aceval filed his post-conviction motion with the state trial court on March 11, 2026, a little over three months after his one-year statute of limitations period commenced. (ECF No. 1, PageID.3.) But the one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by a petitioner. 28 U.S.C. § 2244(d)(2). Because Aceval has almost nine months remaining under the limitations period, and that limitations period would be tolled during the pendency of Aceval's state post-conviction proceedings, he would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state court proceedings for post-conviction relief. Thus, a stay of the proceedings in this Court is not necessary or appropriate to preserve the federal forum for Aceval's claims. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 845–46 (E.D. Mich. 2001).

### III.

For the reasons above, Aceval's petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE, his motion to stay and hold petition in abeyance (ECF No. 3) is

DENIED, and his application to proceed without prepaying fees or costs (ECF No. 2) is DENIED AS MOOT. By separate order, the Court DENIES a certification of appealability, and GRANTS leave to proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.

Dated: June 3, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

6